UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DRAMETRA BROWN, for herself and on behalf of other similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Cause No.<br>) |
| v. | ) COMPLAINT—CLASS ACTION<br>) |
| TODD ROKITA, in his Official Capacity as Indiana Secretary of State; J. BRADLEY KING AND KRISTI ROBERTSON, each in their official capacities as co-directors of the Indiana Elections Division; MARION COUNTY BOARD OF VOTER REGISTRATION; MARION COUNTY BOARD OF ELECTIONS; | )<br>)<br>) **1:08-cv-1484 RLY-TAB**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendant. | ) |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### SUMMARY OF ACTION

1.

This action is brought under 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, to protect the voting rights and prevent the disenfranchisement of plaintiff and as yet unnamed eligible voters in Indiana in the November 4, 2008 election and beyond. Specifically, the action is filed to protect the right to vote of plaintiff and other similarly situated, qualified Indiana citizens who took all lawful steps to become registered to vote in the upcoming election but will be denied access to the ballot due to a technicality unrelated to their eligibility or to their timely submission of registration forms that contain all information necessary and required by state and federal law to determine their eligibility to vote. Plaintiff Brown and others similarly situated (1) carefully filled out a voter registration form available to

the public, (2) omitted no required information, (3) specifically attested to each and every qualification to become registered; and (4) timely submitted their registration applications to local election officials, yet through no fault of their own they will be denied the right to vote merely upon the grounds that they used an "old form" that calls for no less information than new forms currently in use.

2.

This action seeks declaratory and injunctive relief on behalf of the plaintiffs whose fundamental right to vote is at imminent risk of being denied in the upcoming general election in contravention of (1) the National Voter Registration Act (NVRA), 42 U.S.C. § 1973gg et seq.; (4) the First and Fourteenth Amendments to the United States Constitution; and (5) the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

3.

Plaintiffs' rights can be redressed through injunctive and declaratory relief that is straightforward, easily implemented and warranted under state and federal law.

## PARTIES

### Plaintiffs

4.

Plaintiff Brown is over 18 years of age and has resided in Indianapolis, Indiana for approximately four years. She has resided at her current residence since May 2008. She is a certified nurse assistant, employed at a nursing home in Indianapolis. She is a United States citizen, having been born in Indiana in 1971.

As yet unidentified plaintiffs, pursuant to Fed. R. Civ. P. 23(a), numbering in the hundreds or thousands, similarly situated, whose voter registration applications have been rejected on the sole basis that the registration applicant used an old registration form. Questions of law and fact are common to the class and the defenses of the representative party are typical of the claims or defenses of the class.

**Defendants**

5.

Defendant Marion County Board of Voter Registration is located at 200 E. Washington St. City-County Building, Suite W131, Indianapolis, Indiana and is charged with administering the Marion County, Indiana voter registration rolls.

6.

Defendant Marion County Board of Elections is located at City-County Building Suite W-122 200 E. Washington St. Indianapolis, IN 46204, and is charged with administering state and federal elections in the county of Marion, Indiana.

7.

Defendant Rokita is the Indiana Secretary of State, with offices at 201 Statehouse Indianapolis, IN 46204, and in that capacity is the chief election official of the State of Indiana, I.C. § 3-6-3.7-1

8.

Defendants King and Robertson are the co-directors or the Indiana Election Division of the office of the Secretary of State, with offices at 302 West Washington Street,

Room E204 Indianapolis, Indiana 46204-2743. As such, they have the responsibility of assisting Defendant Rokita in the administration of elections, including the duty to provide instruction of local election officials regarding their responsibilities under the Indiana Election Code and federal law regarding all elements of conducting local, state and federal elections and in the preparation and dissemination of forms necessary to that task, including the state voter registration form. I.C. §§ 3-6-4.2-14 and 3-5-4-8(a).

## JURISDICTION AND VENUE

9.

This case arises under the Constitution and laws of the United States. This Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331, 1343(3), & (4) and 42 U.S.C. §§ 1971(d). This suit is authorized by 42 U.S.C. § 1983. This court has jurisdiction to grant both declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202. This court has supplemental jurisdiction over any state law claims under 28 U.S.C. § 1367(a). Plaintiffs file this action directly with the court because the violations of the NVRA herein are occurring within 30 days of the election. 42 U.S.C. § 1973gg-9(b)(3).

10.

Venue is proper in this district pursuant to 28 U.S.C. § 1391, in that this action is brought based upon a federal question, a substantial part of the events giving rise to the claims alleged herein occurred, and will continue to occur, in this district, and all of the defendants reside in the state of Indiana.

## **STATEMENT OF FACTS**

11.

On or about September 30, 2008, while working at the nursing facility at which she is employed, Plaintiff Brown completed an Indiana voter registration form as part of a registration program for the residents. The registration form was provided to her by a staff member who was attempting to assist the elderly residents of the facility (and busy fellow staff members) to register in order to vote in the upcoming Presidential election. Plaintiff Brown carefully, completely and legibly filled out all required blanks on the form, omitting none that were pertinent to her. The form was timely submitted to the Marion County Election Board.

12.

In addition to filling out the necessary blanks on the state-generated form, Plaintiff Brown signed an oath or affirmation on the registration form attesting to the following information in bullet point format:

- I am a citizen of the United States;
- I will be at least 18 years of age at the next election;
- I will have lived in my precinct for at least 30 days before the next election;
- I am not currently in prison after having been convicted of a crime;
- All the above information and all other statements on this form are true;
- I understand that if I sign this statement knowing that it is not true I am committing perjury and can be fined up to $10,000, jailed up to three years or both.

13.

On or about October 27, 2008, Plaintiff Brown received notice that her registration had been rejected because she used an "old form." The information was provided to her as a result of a private advocacy program seeking to assist voters whose registrations had been rejected to correct any defects in time to vote on Election Day. Plaintiff Brown personally went to the Marion County Indiana Election Board immediately, but was told that it was too late to correct her registration and that she would be barred from voting in the November Presidential election. It was confirmed that her registration had in fact been rejected because it was on an "old form." She did not receive a notice from the board that her registration had been rejected.

14.

Approximately 130 other voter registrations have been rejected this year at the Marion County Indiana Board of Elections because they were on an old form. This practice is followed at all counties within the state pursuant to I.C. § 3-5-4-8(a) (whenever a registration form is approved for use in Indiana, a person must use the most recent version of the form approved by the Indiana Elections Commission after the effective date of the order approving the form). As a result, all eligible Indiana citizens who have inadvertently used older versions of the Indiana voter registration forms (and timely submitted their applications) are rejected. Although a dispositional notice must be sent to all registrants pursuant to I.C. § 3-7-33-5, registrants are not permitted to provide evidence or refile their registrations on updated forms and are thereby disenfranchised at the next ensuing election if they do not actually receive notice or if notice is received after the registration deadline. They are not permitted to this administrative, non-

substantive "defect" in their registrations at the polls, despite the fact that they specifically attest to age and citizenship, as well as the other qualifications to vote.

## CLAIMS FOR RELIEF

### CLAIM ONE:
### Violation of the Section 6 and Section 9 of the National Voter Registration Act.

15.

Plaintiffs reallege each allegation contained in the paragraphs above as if fully set forth herein.

16.

The purposes of the NVRA are to increase the number of voter registrations for eligible citizens, to enhance the participation of eligible citizens in the voting process, to protect the integrity of the electoral process, and to ensure accurate and current voter registration rolls are maintained. 42 U.S.C. § 1973gg-(b). In enacting the NVRA Congress found that (1) the right of citizens of the United States to vote is a fundamental right; (2) that it is the duty of federal, state, and local governments to promote the exercise of that right; and that (3) discriminatory and unfair registration laws and procedures can have a direct and damaging effect on voter participation in elections for Federal office and disproportionately harm voter participation by various groups, including racial minorities.

17.

The NVRA at 42 U.S.C. § 1973gg-4(a)(2) provides that a State may develop and use a mail voter registration form that meets all of the criteria stated in § 1973gg-7(b) of the act for the registration of voters in elections for Federal office. At 42 U.S.C. § 1973gg-7(b)(1), the NVRA

clearly provides that "a state's mail-in application (1) may require only such identifying information (including the signature of the applicant) and other information (including data relating to previous registration by the applicant), as is necessary to enable the appropriate State election official to assess the eligibility of the applicant and to administer voter registration and other parts of the election process."

18.

Pursuant to I.C. § 3-7-13-1 a citizen of Indiana is eligible to vote if she is a United States citizen, will be at least 18 years of age at the next election, resides in a precinct at least 30 continuous days before the election, and may upon making proper application register to vote in that precinct. Persons who are currently incarcerated or otherwise subject to lawful detention are not permitted to vote. I.C. § 3-7-13-1.

19.

The registration form used by Plaintiff Brown contained all of the information election officials needed to determine her eligibility to vote in the November Presidential Election. See Exhibit A, attached hereto. Not a single piece of substantive information is missing from the old form, including the specific information attesting that the applicant is a United State's citizen and at least 18 years of age. It contains boxes for her name, date of birth, address, driver's license number or other identifying information. In addition it contains a box in which the registrant is required to specifically and expressly affirm her age and United States citizenship, as well as the fact that she had resided in the precinct for at least 30 days before signing the registration form. It also says, immediately above her signature and below her oath, that she will be guilty of

perjury and subject to incarceration for 3 years and fines up to $10,000 if she falsely swore that she was over 18 and a United States citizen.

20.

To the extent that Indiana's Election Code requires additional information beyond that contained in the registration form attached hereto as exhibit A, to the extent that the Indiana Election Code calls for a duplicate answer to the questions on age and citizenship in the specific form of a check box (and not bullet points) (I.C. § 3-7-22-5) and to the extent that the Indiana Election Code calls for the outright rejection of older voter registration forms that contain all information necessary to determine a voter's eligibility, said provisions are in contravention of the NVRA at 42 U.S.C. §§ 1973gg-7(b)(1) and 1973gg-4(a)(2), and are preempted thereby. Moreover, such provisions constitute a triumph of form over substance and defeat the fundamental purpose of the NVRA: to promote the exercise of the fundamental right to vote and to enhance the participation of eligible person in the political process.

## CLAIM TWO:
### Violation of the Materiality Provision of the Voting Rights Act.

21.

Plaintiffs reallege each allegation contained in the paragraphs above as if fully set forth herein.

22.

The Materiality Provision of the VRA prohibits any person "acting under color of law" from "deny[ing] the right of any individual to vote in any election because of an error or

omission on any . . . application . . . if such error or omission is not material in determining whether such individual is qualified under State law to vote in such election." 42 U.S.C. § 1971(a)(2)(B).

23.

Defendants, acting under color of state law, have violated and continue to violate the Materiality Provision of the Voting Rights Act. To the extent that Indiana Election Code permits Defendants to deny the franchise to any otherwise eligible Indiana voter simply because he or she used an "old" state registration form, a form that specifically and unambiguously contains each and every piece of information required to determine that voter's qualifications, said code contravenes the VRA and is preempted.

24.

Section 303(b)(4)(A) of HAVA, 42 U.S.C. § 15483(b)(4)(A), states that the mail voter registration form developed under NVRA shall include a question asking whether the applicant is a United States Citizen, a question asking whether the applicant is at least 18 years of age, and boxes to indicate the answer. Section 303(b)(4)(B) of HAVA, 42 U.S.C. § 15483(b)(4)(B), provides that if the applicant "fails to answer the question" regarding United States citizenship, election officials shall notify the applicant and provide the applicant with an opportunity to complete the form in a timely manner to allow for the completion of the registration form prior to the next election for Federal office. This section does not say "fails to check the box," it says "fails to answer the question." The old voter registration form submitted by plaintiff and others similarly situated does call for an answer to the citizenship question by a bullet point followed by an affirmation. To demand a checkbox rather than a bullet point and signature in response to the question violates the Materiality provision of the VRA, it denys Plaintiffs the right to vote for an "error", if this "difference without a distinction" can be called an "error" that is immaterial to determining their qualifications to vote in the election.

25.

The registration form submitted by Plaintiff Brown provides a single box with both questions regarding age and United States citizenship, instead of two boxes. This is not a material deviation from the requirements of Section 303(b)(4) of HAVA. To the extent that Defendants interpret the Indiana Election Code to require this information to be provided in separate check boxes instead of or in addition to the single box provided in the voter registration form attached hereto as Exhibit A, Defendants are acting in a manner that violates the Materiality provision of the VRA and denying Plaintiffs the fundamental right to vote for "errors or omission" that are not remotely related to their eligibility.

26.

By denying Plaintiffs the opportunity to cure or correct any alleged or perceived deficiency in an "old" registration form after the registration deadline, even though that registration was submitted in a timely manner before the deadline, Defendants are interpreting state and federal law in violation of the Materiality Provision of the Voting Rights Act.

**CLAIM THREE:**

**Undue Burden on Fundamental Right to Vote in Violation of**

**42 U.S.C. § 1983 and the First and Fourteenth Amendments**

27.

Plaintiffs reallege each allegation contained in the paragraphs above as if fully set forth herein.

28.

Voting implicates basic constitutional rights under the First and Fourteenth Amendments. Acting under color of state law, Defendants, unless enjoined, will enforce and apply Indiana's voter registration laws in an unwarranted and unjustifed manner so as to deny Plaintiffs the right to vote, mindless of the substantive facts that Plaintiffs are qualified Indiana and United States citizens who submitted fully completed state voter registration applications prior to the Indiana voter registration deadline. Additionally, Defendants, acting under color of state law, refuse to permit Plaintiffs to fill out substantially identical voter registrations or to correct the alleged inadequacy in their registrations in time to cast their ballot in the ensuing Presidential Election. This places an undue and severe burden on the fundamental right to vote of Plaintiffs and others similarly situated in violation of the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

29.

Defendants cannot show any state interest sufficiently compelling to balance the severe burden on the fundamental right to vote of Plaintiffs, who are qualified citizens guilty of no greater malfeasance than that of ignorance that the state of Indiana has updated its registration form.

30.

By reason of the foregoing, Defendants, acting under color of state law, have and, unless enjoined, shall deprive Plaintiffs and their members the rights, privileges, and immunities secured to them under the First and Fourteenth Amendments to the United States Constitution and protected under 42 U.S.C. § 1983. Defendants have authority to administer state law in a

manner that would prevent the disenfranchisement of Plaintiffs merely because they innocently submitted an old registration form, where that form contained all information necessary to determine their qualifications to vote in the upcoming election and beyond.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs pray that this court:

1. Assume jurisdiction over this action, and;
2. Declare that I.C. § 3-5-4-8(a) insofar as it provides that voter registration applicants must only use the most current form of the state voter registration application, even when an older applications contains all information necessary to determine the applicants qualification to vote, contravene the NVRA at 42 U.S.C. §§ 1973gg-4(a)(2) 1973gg-7(b) and are preempted under the Supremacy Clause of the United States.
3. Declare that the Defendants, jointly and severally, by enforcing Indiana Election Code provisions in the manner outlined herein are acting contrary to the provisions of the NVRA at 42 U.S.C. §§ 1973gg-4(a)(2) and1973gg-7(b).
4. Declare that Defendants, acting jointly and severally, violate the Materiality Provision of the VRA to the extent that they enforce I.C. § 3-5-4-8(a), and related Indiana Election Code provisions to deny the franchise to qualified Indiana merely on the basis of the fact that they provided on their information on older state-issued voter registration application forms. 42 U.S.C. § 1971(a)(2)(B).
5. Declare that I.C. § 3-5-4-8(a), and related Indiana Election Code provisions insofar as they permit eligible voter registration applicants to be rejected and not given timely

  notice and opportunity to cure any administrative, non-substantive, defects in their registration up to and including Election Day place a severe and undue burden on the fundamental right of Plaintiffs to vote and thereby violate the First and Fourteenth Amendments to the United States Constitution;

6. Declare that Defendants, acting under color of state law, by enforcing the Indiana Election Code provisions in the manner outlined herein place a severe and undue burden on the fundamental right of Plaintiffs to vote and thereby violate the First and Fourteenth Amendments to the United States Constitution;

7. Direct Defendants to provide a print-out of the names of every otherwise eligible voter registration applicant whose application was rejected solely for having been submitted on an old form and to distribute the printout to every polling place with instructions to poll workers to permit each such voter that appears at the polls to cast a regular ballot upon providing identification as required by law.

8. To enjoin Defendants from denying voters on the list described in paragraph 7 the right to cast a regular ballot if such voters state that they are United States citizens, at least 18 years of age, sign any affirmation to that affect desired by Defendants and provide identification as required by the Indiana Election Code.

9. Preliminarily and permanently enjoin Defendants from compelling Indiana election officials to reject all voter registrations submitted on old forms, solely on that basis.

10. Declare the actions of Defendants complained of to be in violation of Plaintiffs' rights under the First and Fourteenth Amendments of the Constitution of the United States, and and permanently enjoin such actions;

11. Retain jurisdiction of this matter for such time as is necessary to enforce the mandate of and judgment and order this Court issues in furtherance of this relief, and;

12. Award Plaintiffs cost and disbursements associated with the filing and maintenance of this action, including an award of reasonable attorneys' fees; and,

13. Grant such other relief as this Court deems appropriate.

        Respectfully submitted,

        *Teresa James*
        Teresa James (OH 31671)
        Project Vote
        739 8th Street SE, Suite 202
        Washington, DC 20003
        202-553-4344
        tjames@projectvote.org